UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AQEEL T. ASH-SHAKOOR,

    Plaintiff,

v.                                                                             Case No. 1:21-cv-98
                                                                             Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied his application for disability insurance benefits (DIB).

On August 31, 2017, plaintiff filed an application for DIB alleging a disability onset date of December 6, 2016. PageID.210. Plaintiff identified his disabling conditions as: bilateral knee problems (chronic pain, numbness, swelling); fibromyalgia; diabetes; hypertension; back injury to L5/L6 causing chronic pain; bilateral shoulder pain; bilateral ankle problems (swelling, numbness, and chronic pain); post-right ankle surgery in 2016; bilateral carpal tunnel syndrome (CTS); tinnitus; sleep apnea; post traumatic stress disorder (PTSD); obsessive compulsive disorder (OCD); kidney stones; and migraine headaches. PageID.435. Prior to applying for DIB, plaintiff completed a master's degree and had past relevant work as a deputy sheriff, corrections officer, clergy member, probation officer, and group worker. PageID.221, 233, 436. An administrative Law Judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying

benefits on April 2, 2019. PageID.210-223. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I. LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports

the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant

3

is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's application for DIB failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged disability onset date of December 6, 2016, and meets the insured status requirements of the Social Security Act through March 31, 2022. PageID.212.

At the second step, the ALJ found that plaintiff had the following severe impairments: fibromyalgia; diabetes; dysfunction of major joints; CTS; affective disorder; anxiety disorder; and PTSD. PageID.213. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id*.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he must have the ability to alternate between sitting and standing at will, provided he is not off task more than 10 percent of the work period and any changes in posture from sitting to standing is within the 10 percent off task time limitations. He is able to occasionally climb, balance, stoop, kneel, crouch and crawl but he must avoid concentrated exposure to vibration, wetness and hazards such as dangerous moving machinery and unprotected heights. He is able to perform simple, routine and repetitive jobs with only occasional contact with supervisors, co-workers and the public. He is able to perform low stress jobs with few if any changes in the work setting and no production rate paced work.

PageID.215. The ALJ also found that plaintiff was unable to perform any past relevant work. PageID.221.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at the sedentary exertional level. PageID.222-223. Specifically, the ALJ found that

plaintiff could perform the requirements of occupations in the national economy such as packer (34,000 jobs), sorter (24,000 jobs), and office clerk (63,000 jobs). PageID.222. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from December 6, 2016 (the alleged onset date) through April 2, 2019 (the date of the decision). PageID.222-223.

### III. DISCUSSION

Plaintiff has raised three errors on appeal.

**A. The ALJ failed to fully and fairly develop the record of this case despite plaintiff's mental impairments and lack of counsel at the administrative hearing.**

Plaintiff did not retain counsel at the agency level. PageID.232-233. Now, having retained counsel in this appeal, plaintiff contends that the ALJ failed to fully and fairly develop the administrative record. The ALJ has a "special duty" to develop the administrative record and ensure a fair hearing "when a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures." *Wilson v. Commissioner of Social Security*, 280 Fed. Appx. 456, 459 (6th Cir. 2008), citing *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). The Court's scrutiny of the ALJ's action "does not require reversal merely because the record may not be as developed as it would otherwise be because the claimant proceeded *pro se*." *Rowden v. Chater*, 87 F.3d 1315, 1996 WL 294464 at *1 (6th Cir. June 3, 1996) (Table). "Rather, the key inquiry is whether the administrative law judge fully and fairly developed the record through a conscientious probing of all relevant facts." *Id*.

In the seminal case of *Lashley*, the court concluded that the ALJ failed to develop a full and fair record at an administrative hearing involving a 59-year-old claimant with a fifth-

grade education, who suffered two strokes and had trouble reading, writing, and reasoning. *Lashley*, 708 F.2d at 1049, 1049-52.  The court characterized the claimant as possessing limited intelligence, being inarticulate, and "appeared to be easily confused" at the administrative hearing. *Id*. at 1052.  The Sixth Circuit found that "superficial questioning of inarticulate claimants or claimants with limited education is likely to elicit responses which fail to portray accurately the extent of their limitations." *Id*.  In such circumstances, the ALJ must scrupulously and conscientiously explore all of the facts relevant to the claims of the unrepresented claimant.  *Id*. at 1051-52.  However, the Sixth Circuit cautioned that "the administrative law judge must not become a partisan and assume the role of counsel." *Id*. at 1051.  *See Richardson v. Perales*, 402 U.S. 389, 410 (1971) ("The social security hearing examiner, furthermore, does not act as counsel. He acts as an examiner charged with developing the facts.").

The circumstances in this case did not trigger the ALJ's special duty to develop the record.  As an initial matter, it is well established that there is no constitutional right to counsel at an administrative hearing on a claim for social security benefits.  *See Goldburg v. Kelly*, 397 U.S. 254, 270-71 (1970); *Stewart v. Commissioner of Social Security*, No. 1:15-cv-0147, 2016 WL 944908 at *4 (W.D. Mich. March 14, 2016).  Rather, "[c]laimants may represent themselves or be represented by attorneys or non-attorneys." *Stewart*, 2016 WL 944908 at *4 (citing 20 C.F.R. §§ 404.1705, 416.1505).  Here, plaintiff was advised of the right to have counsel represent him at the administrative hearing and waived this right.  PageID.233.  Plaintiff was well aware of counsel's role in a legal proceeding; he had a master's degree and past employment as a professor in the criminal justice department at Roanoke-Chowan Community College.  PageID.237.

The gist of plaintiff's claim is that the ALJ engaged in superficial or perfunctory questioning that lasted 25 minutes and that the ALJ should have developed the record with respect

to his VA disability claim.  Plaintiff's Brief (ECF No. 22, PageID.1809-1810).  At the hearing, plaintiff acknowledged that all of the medical evidence was in the file.  PageID.234.  Plaintiff confirmed that he served in the military and that he received a VA disability rating of 70%, and that it was in the file.  PageID.235-236.  The ALJ traced plaintiff's employment history since 2004.  PageID.236-238.  Next, the ALJ asked plaintiff a series of questions regarding "what you can and cannot do."  PageID.238-248. The questions involved both physical and mental activities.  *Id*.  Then, the ALJ posed questions to the vocational expert (VE) regarding plaintiff's past work and hypothetical questions which assumed various limitations. PageID.248-251. The ALJ returned to questioning plaintiff about his work record, *e.g.*, why he stopped working.  PageID.251-253.  Based on this record, while plaintiff chose to proceed without counsel, the hearing transcript discloses his grasp of the proceedings and the adequacy of his case presentation to the ALJ.

Plaintiff raises two matters which suggests that he was so unfamiliar with hearing procedures that the ALJ should have developed the record further.   First, plaintiff contends that he was not able to cross-examine the VE.  Plaintiff's Brief at PageID.1807, 1809. As an initial matter, the agency advised plaintiff that he could question witnesses.  On October 24, 2018 (about three months before the hearing), the agency sent plaintiff a notice stating in part:

**What Happens at the Hearing?**

• I will ask you and any other witnesses to take an oath or to affirm that the testimony is true.

• You will have a chance to testify and tell me about your case.

• You and your representative (if you have one) may submit documents, <u>present and question witnesses</u>, state your case, and give written statements about the facts and law. You must provide your written statements no later than 5 business days before the date of your hearing.

• I will ask you and any other witnesses questions that will help me make a decision in your case.

7

> • We will make an audio recording of the hearing.

PageID.331 (emphasis added).  Plaintiff was also aware that a VE would be one of the witnesses. *See id*. ("[a] vocational expert will testify at your hearing").

The fact that the ALJ did not invite plaintiff to cross-examine the VE is not error requiring reversal.

> [T]he ALJ did not reversibly err by failing to explicitly invite [the claimant] to cross-examine the vocational expert.  [The claimant] had been notified in writing that she could speak to the expert, the ALJ gave her the opportunity to speak after the expert testified, and [the claimant] has not identified any significant inaccuracy in the expert's testimony or any significant testimony that she could have elicited.

*Thomas v. Commissioner of Social Security*, 550 Fed. Appx. 289, 291 (6th Cir. 2014).  Here, plaintiff does not identify any inaccuracy, let alone a "significant inaccuracy" in the VE's testimony that would warrant cross-examination.  In this regard, the ALJ elicited testimony from the VE of work-preclusive limitations which could be relevant to plaintiff, *e.g.*, if a hypothetical individual would be off task greater than 15% of the day due to "problems focusing and concentrating" and "staying on pace", or if the hypothetical person "because of problems he's having, for whatever reason, he can't go to work every day, eight hours a day, five days a week, for a 40 hour workweek." PageID.250-251.

Second, plaintiff suggests that the ALJ should have developed the record further because "there were already indications that Mr. Ash-Shakoor was having difficulty determining whether all relevant evidence was in the file."  Plaintiff's Reply Brief (ECF No. 26, PageID.1846). Plaintiff appears to be referring to a missed deadline for submitting records.  While plaintiff missed a deadline, the ALJ accommodated plaintiff and allowed the untimely submitted evidence to be placed in the administrative record:

8

> The claimant submitted or informed the Administrative Law Judge about additional written evidence less than five business days before the scheduled hearing date. I find that the requirements of 20 CFR 404.935(b) are satisfied and admit this evidence into the record (Exhibit 24F).

PageID.210. For all of these reasons, plaintiff's claim of error is denied.

### B. The ALJ's evaluation of plaintiff's subjective complaints also fails as it relies on erroneous reasoning and is not tied to substantial evidence on the record as a whole.

Plaintiff contends that the ALJ's findings with respect to his subjective complaints are not supported by substantial evidence. "Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used in evaluating complaints of disabling pain." *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 247 (6th Cir. 2007).

> First, the ALJ will ask whether the there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. Relevant factors for the ALJ to consider in his evaluation of symptoms include the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms; other measures taken to relieve symptoms, such as lying on one's back; and any other factors bearing on the limitations of the claimant to perform basic functions.

*Id*. (internal citations omitted). *See* 20 C.F.R. § 404.1529(a). "It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Commissioner of Social Security*, No. 1:12 -cv-1084, 2014 WL 1577525 at *3 (W.D. Mich. April 21, 2014) (listing cases).

Plaintiff contends that the ALJ failed to properly address his subjective complaints with respect to: fibromyalgia combined with other physical and mental impairments; his attempts

9

to exercise; his performance of light housekeeping and similar tasks; and his hand impairments. Plaintiff's Brief at PageID.1814-1818. The ALJ summarized plaintiff's claims as follows:

> The claimant alleges disability due to fibromyalgia, chronic pain, diabetes, hypertension, bilateral CTS, tinnitus, sleep apnea, kidney stones, migraines, anxiety, PTSD and obsessive-compulsive disorder. On a Function Report, he noted difficulty lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, climbing stairs and using his hands. He also noted difficulty remembering, completing tasks, concentrating, understanding, following instructions and getting along with others. He testified he experiences chronic pain that makes it difficult to sit, stand or walk for more than 15 to 20 minutes at one time but he does not require an assistive device and he is able to drive/shop for groceries. He also testified he must rest in a chair or lie down due to fatigue and he has difficulty lifting 20 pounds due to a history of left wrist surgery, back pain and CTS. He stated he is anxious and irritable around others. He also stated he has a hard time maintaining focus and he does not always finish tasks because he is forgetful but he could follow simple instructions (Exhibits 5E, 6E).

PageID.216.

The ALJ's decision addressed plaintiff's subjective complaints arising from both his physical and mental impairments. The ALJ found that plaintiff's subjective complaints with respect to his physical impairments were inconsistent with the medical record:

> The claimant's allegations of a disabling condition are not fully consistent with her [sic] treatment notes. While her [sic] medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, the objective medical evidence does not reasonably substantiate her allegations about intensity, persistence and functionally limiting effects of the symptoms. The claimant testified he experiences chronic pain that makes it difficult to sit, stand or walk for more than 15 to 20 minutes at one time but he does not require an assistive device and he is able to drive/shop for groceries. He also testified must rest in a chair or lie down due to fatigue and he has difficulty lifting 20 pounds due to a history of left wrist surgery, back pain and CTS. The claimant's treatment notes show he complained of chronic pain and imaging results revealed degenerative changes in his bilateral knees, bilateral shoulders, left wrist and bilateral feet. Testing also revealed mild bilateral CTS (Exhibits 3F/209-210, 8F/171-172). Examinations showed some range of motion deficits in his extremities due to pain and there was tenderness in his paraspinal muscles but his upper and lower extremity strength was generally intact. His gait was antalgic at times but he generally ambulated normally and he did not require an assistive device (Exhibits 8F/121, 8F/127, 23F/44-69). He reported he was to go to the gym three days a week to exercise and he was advised to increase his physical activity by walking as much

> as possible (Exhibits 6F/2, 8F/127, 23F/150). Despite his subjective complaints, he stated he could perform light housekeeping tasks and prepare simple meals. He could also shop for small items, tend to his personal care and provide childcare for his minor child (Exhibit 6F/2). A consultative examination showed mildly diminished strength in his upper extremities and mildly diminished grip strength in his right hand but he was able to button, zip, tie, write legibly, pick up a coin and open a jar. Despite these deficits, it was noted he gave poor effort throughout the evaluation (Exhibit 7F). Based on the objective findings, his reported level of activities and his subjective complaints, I find he is able to perform a reduced range of sedentary work.

PageID.220.

The ALJ also found that plaintiff's subjective complaints with respect to his mental impairments were inconsistent with the medical record:

> With regard to his mental impairments, he testified he is anxious and irritable around others. He also testified he has a hard time maintaining focus and he does not always finish tasks because he is forgetful but he could follow simple instructions. His treatment notes show he reported struggling with anxiety, hypervigilance, racing thoughts and feeling overwhelmed but he stated his medication was working well overall (Exhibit 3F/168, 3F/177). Examinations showed his mood was dysthymic and irritable at times but it was noted he presented as cooperative, friendly and engaged (Exhibits 3F/138, 3F/174, 3F/197, 3F/272, 8F/127, 23F/179, 23F/185, 23F/202). Although he reported feeling overwhelmed by people, he appeared to interact well with his providers and he was able to go to the gym three days a week. He also reported attending church, shopping in stores and socializing with his family (Exhibits 6F/2, 23F/185). Despite consistent complaints of pain, examinations showed his memory, focus and attention were adequate and he had good judgment (Exhibits 3F/141, 3F/168, 3F/177, 8F/ 123). A consultative examiner noted he responded well to instructions and he was able to use problem-solving strategies for task completion. He had good recall of recent and remote events and his concentration was intact (Exhibit 6F/3-4). Based on the mild objective findings and his reported level of social interaction, I find he is able to perform simple, routine and repetitive tasks with only occasional interaction with supervisors, co-workers and the public. I acknowledge the claimant does experience some limitations but not to the extent alleged.

PageID.220-221.

The ALJ's review of plaintiff's subjective symptoms addressed the relevant factors. Substantial evidence supports the ALJ's conclusions that plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms are inconsistent with the medical records. "The

11

substantial-evidence standard . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts." *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir.2009) (internal quotation marks omitted). "If it is supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Young*, 925 F.2d at 147. Accordingly, this claim of error is denied.

### C. The Court should remand this case under sentence six for consideration by the ALJ of new and material evidence.

When a plaintiff submits evidence that has not been presented to the ALJ, the Court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir.1988). Under sentence-six, "[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . " 42 U.S.C. § 405(g). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id*.

"The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006). "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ."

12

*Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711.

Plaintiff seeks a sentence-six remand with respect to "[t]he underlying evidence documenting the basis for the VA rating decision, submitted to the Appeals Council," citing PageID.39-206.  Plaintiff's Brief (ECF No. 22, PageID.1818).  Plaintiff fails to meet his burden.  While plaintiff referenced over 160 pages of documents, he fails to explain how these documents fall within sentence-six.  Some of the records were generated before plaintiff's hearing (as early as 2017) and some of the records were generated after the hearing (*e.g.*, an examination date of January 10, 2020).  Plaintiff's cursory explanation for "good cause," *i.e.*, his *pro se* status, mental impairments, and unfamiliarity with hearing procedures, is insufficient to meet this requirement.  *Id*. at PageID.1819.  In this regard, plaintiff did not demonstrate good cause for submitting post-hearing letters of clarification from Dr. Domsic dated April 29, 2019, and May 5, 2020.  *Id* at PageID.1819.  "[T]he good cause requirement is not met by the solicitation of a medical opinion to contest the ALJ's decision."  *Bout v. Commissioner of Social Security*, No. 1:09-cv-45, 2010 WL 565252 at *8 (W.D. Mich. Feb. 11, 2010) (citing *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir.1997) (the grant of automatic permission to supplement the administrative record with new evidence after the ALJ issues a decision in the case would seriously undermine the regularity of the administrative process)).  Accordingly, plaintiff's request for a sentence-six remand is denied.

### IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**. A judgment consistent with this opinion will be issued forthwith.


Dated:  March 22, 2022 /s/ Ray Kent
United States Magistrate Judge